Filed 10/24/22 P. v. Garcia CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F084441 |
| Plaintiff and Respondent, | (Super. Ct. No. F19902080) |
| v. | |
| RICHARD GARCIA, JR., | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County. Michael G. Idiart, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Levy, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This is an appeal from a final judgment following a no contest plea and is based on the sentence imposed. (Cal. Rules of Court, rule 8.304(b)(2)(B).) It is authorized by Penal Code section 1237.[1]

## STATEMENT OF THE CASE

Appellant Richard Garcia, Jr. was charged by an information with the following six felony counts: attempted murder of John Doe (§§ 664/187, subd. (a); count 1); assault with a firearm upon Ana M. (§ 245, subd. (a)(2); count 2); assault with a semiautomatic firearm upon Ana M. (§ 245, subd. (b); count 3); assault with a firearm upon Anthony S. (§ 245, subd. (a)(2); count 4); assault with a semiautomatic firearm upon Anthony S. (§ 245, subd. (b); count 5); and possession of a firearm by a prohibited person (§ 29800, subd. (a)(1); count 6). As to count 1, it was alleged that Garcia personally discharged a firearm causing great bodily injury or death. (§ 12022.53, subd. (d).) As to counts 2, 3, 4, and 5, it was alleged that Garcia personally used a firearm. (§ 12022.5, subd. (a).) And as to counts 2 and 3, it was alleged that Garcia personally inflicted great bodily injury. (§ 12022.7, subd. (a).) Each count was alleged to have been committed on or about February 10, 2019. A prior serious felony (or "strike") conviction was also alleged. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

On October 27, 2021, Garcia entered into a plea agreement whereby he pled no contest to assault with a firearm (§ 245, subd. (b); count 5), and admitted the enhancements for a prior "strike" conviction and firearm use, with the understanding that he would be sentenced to a maximum (or "lid") of 15 years state prison and he would be free to argue at sentencing for a lesser sentence. Garcia stipulated that there was a factual basis for his plea.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On March 30, 2022, Garcia's counsel filed a *Romero*[2] motion, requesting his prior "strike" be stricken.

On May 26, 2022, at the sentencing hearing the trial court noted that the maximum possible prison term (but for the stipulated 15-year "lid") was 28 years and, while acknowledging that "there was an element of imperfect self-defense here," the court nonetheless found that it did not rise to a level that mitigated below 15 years. In addition, the trial court stated it did not believe that the *Romero* motion "should be granted because this is a crime of violence that was involving violent conduct." Accordingly, the court imposed the middle term of 12 years (six years doubled due to the prior "strike" conviction), plus the low term of three years for the firearm use enhancement to be served consecutively, for a total aggregate term of 15 years state prison. Garcia was awarded 1178 actual days credit and 176 days of conduct credit, for a total of 1354 days. (§ 2933.1.)

On June 3, 2022, Garcia filed a timely notice of appeal.

## STATEMENT OF FACTS[3]

On February 10, 2019, Garcia was involved in an altercation in the parking lot of an apartment complex in Fresno, California. During that altercation, Garcia brandished a firearm at two men who were assaulting him, causing them to flee. As they fled, Garcia fired one round in their direction. Garcia then brandished his firearm at an intervening bystander before firing two more rounds toward the fleeing men. One of the rounds Garcia fired struck Ana M., causing her to suffer a collapsed lung.

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[3] The facts are drawn from the probation officer's report, and the transcript of the preliminary hearing on August 4-5, 2021.

**APPELLATE COURT REVIEW**

Garcia's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Garcia was advised he could file his own brief with this court. By letter on September 6, 2022, we invited Garcia to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Garcia.

**DISPOSITION**

The judgment is affirmed.